Brianna Jones, Plaintiff, Pro Se
1708 Meadowlark Landing
Charlotte, North Carolina 28216
Telephone: (908) 435-1562
BRIANNA JONES, PLAINTIFF, PRO SE, IN PRO PER

~~IN THE GENERAL COURT OF JUSTICE~~
~~SUPERIOR COURT DIVISION~~
~~COUNTY OF MECKLENBURG COUNTY~~

Western District
of NorthCarolina

**BRIANNA JONES**
      Plaintiffs,

vs.

**WALMART INC.**
      Defendants

Case No.: 3:26-cv-351-MEO

**COMPLAINT FOR NEGLIGENCE**

Plaintiff Brianna Jones, appearing pro se, brings this action for negligence against Defendant Walmart Inc., and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to North Carolina law because the relief sought exceeds Twenty-Five Thousand Dollars ($25,000). Defendant is a business entity doing business in the State of North Carolina and in Mecklenburg County. Venue is proper in Mecklenburg County because the tortious conduct alleged herein occurred in Mecklenburg County, North Carolina.

## PARTIES

2. Plaintiff Brianna Jones is a natural person and resident of Mecklenburg County, North Carolina, with an address at 1708 Meadowlark Landing, Charlotte, North Carolina 28216.

3. Defendant Walmart Inc. is a for-profit business entity doing business in the State of North Carolina, including at its retail store located at 3240 Wilkinson Boulevard, Charlotte, North Carolina 28208.

4. Defendant is amenable to service of process upon its registered agent, Walmart Inc. at 3240 Wilkinson Boulevard, Charlotte, North Carolina 28208.

## FACTUAL ALLEGATIONS

5. On March 25, 2026, at approximately 8:25 to 8:28 a.m., Plaintiff was shopping at Defendant's retail store located at 3240 Wilkinson Boulevard, Charlotte, North Carolina 28208.

6. While Plaintiff was checking out at a self-checkout station, the register was disabled by Defendant's management. Plaintiff had multiple items to purchase.

7. When Plaintiff attempted to scan a mustard item, the item failed to register because the self-checkout register had been disabled by Defendant's management.

8. Plaintiff asked a nearby security guard employed by Defendant, described as a Spanish male, to use his badge to fix the disabled register so that Plaintiff could complete her transaction.

9. While Plaintiff was attempting to complete her transaction, approximately twelve law enforcement personnel and Walmart employees surrounded Plaintiff's self-checkout station.

10. A white female police officer with an active body camera was present among those who surrounded Plaintiff.

11. The officer and Walmart employees accused Plaintiff of improperly scanning items, despite Plaintiff's explanation that the register had been disabled by Defendant's management and that she had asked for assistance to fix it.

12. Plaintiff presented her receipt to the officer and Walmart employees, which showed that all items had been paid for except the mustard item that had failed to scan due to the disabled register.

13. Despite this clear evidence that Plaintiff had lawfully purchased and paid for

the items in her possession, Defendant's employees and the officer continued to detain and question Plaintiff.

14. A Black female Walmart employee then harshly snatched items from Plaintiff's hands.

15. The aggressive and physical manner in which the employee seized the items was unnecessary, unwarranted, and intentionally humiliating to Plaintiff.

16. When Plaintiff questioned the police officer about the legality of the employee's conduct, the white female officer grabbed Plaintiff's fist in a threatening manner as if to arrest Plaintiff.

17. The officer then told the employee, 'I will scan the mustard,' and subsequently told Plaintiff that she was being a 'smart alec.'

18. Walmart employees then took every item that Plaintiff had purchased and paid for, and did not return any of the items to Plaintiff.

19. Plaintiff was held against her will at the self-checkout area, felt threatened by the presence of approximately twelve law enforcement and Walmart personnel surrounding her, and was subjected to public humiliation in front of other customers.

20. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as described more fully below.

## NEGLIGENCE — DUTY OF CARE

21. Under North Carolina law, to establish a prima facie case of negligence, a plaintiff must offer evidence that the defendant owed the plaintiff a duty of care, the defendant breached that duty, the defendant's breach was the actual and proximate cause of the plaintiff's injury, and the plaintiff suffered actual damages. Cowan v. Laughridge Const. Co., 291 S.E.2d 287 (N.C. Ct. App. 1982); Wall v. Stout, 311 S.E.2d 571 (N.C. 1984). Walmart Inc. and its employees owed Plaintiff a duty of reasonable care, including but not limited to the duty: (a) not to wrongfully detain or restrain Plaintiff's freedom of movement; (b) not to use threats of force or physical force against Plaintiff; (c) not to take or convert Plaintiff's lawfully purchased property; and (d) to conduct their business operations in a manner that does not subject paying customers to harassment, threats, public humiliation, or loss of property.

## BREACH OF DUTY

22. Walmart breached this duty of care by detaining Plaintiff despite clear evidence, in the form of a valid receipt, that Plaintiff had paid for all items in her possession except the mustard item that failed to scan due to Defendant's own disabled register.

23. Walmart breached this duty of care by employing aggressive and physically threatening tactics, including having an employee harshly snatch items from Plaintiff's hands in a manner calculated to humiliate and intimidate Plaintiff.

24. Walmart breached this duty of care by coordinating with law enforcement to surround and intimidate Plaintiff with approximately twelve personnel at a single self-checkout station, creating an environment of fear and public humiliation.

25. The white female police officer, acting in concert with Walmart employees or as an agent of Walmart's interests in the retail environment, breached the duty of care owed to Plaintiff by grabbing Plaintiff's fist in a threatening manner as if to arrest her when Plaintiff questioned the legality of the employee's conduct.

26. Walmart breached this duty of care by taking all of Plaintiff's lawfully purchased items and failing to return them to Plaintiff, thereby depriving Plaintiff of her personal property for which she had paid.

27. Walmart's conduct was deliberate, reckless, and showed a conscious indifference to Plaintiff's rights, safety, and dignity as a paying customer.

28. None of Plaintiff's conduct was negligent or contributed to the harm alleged herein. Plaintiff acted reasonably throughout the incident by explaining the disabled register, requesting assistance from Defendant's security guard, presenting her receipt as proof of payment, and questioning the legality of the aggressive conduct directed toward her.

## CAUSATION

29. As a proximate and direct result of Defendant's breach of its duty of care, Plaintiff suffered the damages described herein.

30. The harm to Plaintiff was reasonably foreseeable given the nature of Walmart's conduct, including the deliberate decision to disable Plaintiff's register, the deployment of approximately twelve personnel to surround a single customer, the aggressive physical seizure of items, and the threatening gesture of arrest by the police officer.

## DAMAGES

31. Plaintiff suffered severe emotional distress, fear, humiliation, and loss of

dignity as a direct and proximate result of the wrongful detention, threats, aggressive physical contact, public spectacle, and demeaning treatment by Defendant's employees and the police officer acting in concert with Defendant.

32. Plaintiff suffered economic damages from the loss of personal property, specifically the items she had purchased and paid for that were taken by Walmart employees and not returned.

33. Plaintiff has suffered and continues to suffer emotional and psychological trauma as a result of the incident, including [MEDICAL/COUNSELING COSTS IF INCURRED — Plaintiff should specify any treatment sought and costs incurred].

34. Plaintiff has attempted to resolve this matter outside of court by filing a civil report with Walmart and describing the incident in detail, and by filing a report with the Charlotte Mecklenburg Police Department requesting that a sergeant review the body camera footage of the white female officer. Despite these good-faith efforts, Defendant has failed to respond, take responsibility, or provide any relief to Plaintiff.

35. Plaintiff is entitled to compensatory damages for the harms described above, the full extent of which will be proven at trial.

## WILLFUL OR WANTON CONDUCT — PUNITIVE DAMAGES

36. Walmart's conduct, as described above, constitutes willful or wanton conduct as defined by North Carolina General Statutes section 1D-5(7), which establishes the standard for punitive damages in North Carolina.

37. Under North Carolina law, punitive damages may be awarded if the claimant proves the defendant is liable for compensatory damages and proves by clear and convincing evidence that the defendant engaged in fraud, malice, or willful or wanton conduct. N.C. Gen. Stat. §§ 1D-15, 1D-25. Walmart and its employees acted with conscious and intentional disregard of and indifference to Plaintiff's rights and safety.

38. Walmart knew or should have known that its conduct—detaining a lawful customer, threatening her with arrest, harshly snatching paid merchandise from her hands, surrounding her with approximately twelve personnel, publicly humiliating her, and taking all of her lawfully purchased property despite clear evidence of payment—was reasonably likely to cause injury, damage, or other harm to Plaintiff.

39. Walmart's conduct went far beyond mere negligence or even gross negligence. The conduct reflects a conscious choice to disregard Plaintiff's rights and dignity.

40. The harsh physical snatching of items from Plaintiff's hands, the threatening gesture by the police officer in grabbing Plaintiff's fist as if to arrest her, and the blanket seizure and retention of all purchased items despite Plaintiff's presentation of a valid receipt demonstrating payment, all demonstrate a reckless and willful disregard for Plaintiff's person and property.

41. Walmart's failure to respond in any manner to Plaintiff's civil report and complaint, despite Plaintiff's good-faith efforts to seek resolution, further compounds the willful disregard for Plaintiff's rights and underscores Defendant's indifference to the harm inflicted upon Plaintiff.

42. Walmart's conduct was undertaken with knowledge that it would likely cause Plaintiff severe emotional distress, public humiliation, and economic loss.

43. This conduct warrants punitive damages to punish Walmart's reckless and willful behavior and to deter Walmart and other retail businesses from engaging in similar conduct toward customers in the future.

44. Plaintiff is entitled to punitive damages under North Carolina General Statutes sections 1D-15 and 1D-25, the amount of which shall be determined by the trier of fact.

45. Evidence of the incident includes body camera footage from the white female police officer who was on the scene. Plaintiff has requested this footage from the Charlotte Mecklenburg Police Department but has not yet received it. Plaintiff reserves the right to amend this Complaint once such evidence is obtained and reviewed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

A. Award Plaintiff compensatory damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000) for the injuries and losses described herein;

B. Award Plaintiff punitive damages in an amount exceeding Twenty-Five Thousand Dollars ($25,000) as authorized by North Carolina General Statutes sections 1D-15 and 1D-25;

C. Award Plaintiff the costs of this action;

D. Award Plaintiff pre-judgment and post-judgment interest as allowed by law; and

E. Grant such other and further relief as the Court deems just and proper.

This the _____ day of _____, 2026.

Respectfully submitted,

_____

Brianna Jones, Plaintiff, Pro Se
1708 Meadowlark Landing
Charlotte, North Carolina 28216
Telephone: (908) 435-1562

## VERIFICATION

I, Brianna Jones, certify under penalty of perjury that I have read the foregoing Complaint for Negligence and that the facts alleged herein are true and correct to the best of my knowledge, information, and belief.

This the _____ day of _____, 2026.

_____

Brianna Jones, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of _____, 2026, the foregoing Complaint for Negligence was served upon Defendant by delivering a copy of the Summons and Complaint to the Mecklenburg County Sheriff's Office for service upon Defendant's registered agent, Walmart Inc., at 3240 Wilkinson Boulevard, Charlotte, North Carolina 28208.

_____

Brianna Jones, Plaintiff, Pro Se

# MOTION TO COMPEL FURTHER VERIFIED RESPONSES AND PRODUCTION OF DOCUMENTS REQUEST FOR MONETARY SANCTIONS